An information was filed against the defendant in the Superior Court of law, for Cabell county. It set forth that the defendant, “being a person of an envious, and evil, and wicked mind,—and wickedly, maliciously, and unlawfully, contriving and intending, as much as in him lay, to injure, oppress, and vilify the good name, fame, credit, and reputation of a certain Thomas Ward, a good citizen of this commonwealth, and sheriff of the county of Cabell, and to bring him into contempt, infamy and disgrace, and to represent him as a corrupt officer, &c., a certain scandalous and libellous writing, maliciously and scandalously did write and publish, and then, &c., did cause to be written and published, in the form of a petition addressed to the honourable the speaker and members of the general assembly of this commonwealth, in which said libel are contained, divers scandalous, scurrilous and malicious matters according to the tenor following, ‘but the said Major Ward being desirous of having it (meaning the seat of justice for Cabell county) on his own plantation where it was first held, has and now is circulating a petition in this county, ad- ■ dressed to your honourable body for 177 that purpose. Your petitioners *beg leave to state that the said Major Ward is actuated only by selfish and interested motives, and is by no means governed by a desire for the promotion of the convenience and welfare of a majority of the people of this county; that the place he proposes is on his own land; that it is not only rendered almost inaccessible by reason of the hills and mountains surrounding it, but is not near the centre of population or territory, so that it is among the most inconvenient places that could possibly be thought of, and that the said Major Ward uses base and dishonourable means to forwa, d his views, for that he, being high sheriff of this *49 county, and of course has the collection of the public revenue and taxes, he persuades ignorant and illiterate men to sign his petition, frequently stating that for so doing, he will indulge them a time, and not be over strenuous in his collections; that the people of this county are generally poor, and as there is very little money in circulation among them, an indulgence of this kind is to them a great favour ; that the said Major Ward does not present his petition at any public collection of the people, when the merits of it might be enquired into and discussed, but procures signers to it, as he rides through the county, in his office of sheriff, in secret and hidden places,’ to the great scandal and damage of the said Thomas Ward, to the evil example 178 of all others *in like cases offending, and against the peace and dignity of the commonwealth.”
The defendant pleaded not guilty, on which issue was joined, and also tendered two other pleas. They were as follow: “And for further plea, the said defendant says that it was lawful for him to write, and publish the paper writing charged in the information to have been written and published by him, because he saith that all the charges therein set forth against the said Thomas Ward are true, and all the acts therein charged to have been ■done and committed by the said Thomas Ward, were in fact and in truth done and committed by the said Thomas Ward, and this the said defendant is ready to verify, wherefore, &c.,” the other plea was also a plea of justification, and differed only from the first in this that it recited, “that the said Thomas Ward, at the time of the writing being written and published, and before that time, was a public officer, to wit, high sheriff of the county of Cabell,” and then set forth that the ■charges were true as in the first special plea.
The attorney for the commonwealth objected to the reception of these pleas, “because the matters therein alleged can neither be pleaded, nor given in evidence on the general issue.”
'^Whereupon the court ordered “the question arising on the said objection to be adjourned to the general court, and requested the decision of that court on the following points, viz.
“1st. Whether the defendant to an indictment or information for a libel can in all cases plead the truth of the libel in justification?
“2d. If not, whether he can give the truth of such libel in evidence on the plea of not guilty.
“3d. Whether in this particular case, the •defendant can in either way, and which, give evidence of the truth of the matters ■stated in the writing alleged to be libellous.”
At a general court, June 12th, 1811, present Judges Nelson, White, Holmes, Brocken■brough, Johnson, Carr and Smith, the following opinion was given. “It is the unanimous opinion of the court that by the common law, truth is no justification of a libel, and cannot as such be given in evidence on an indictment or information for the offence. In this commonwealth, the second article of the bill of rights haying declared, ‘that all power is vested in, and consequently derived from the people, that magistrates are their trustees and serv180 ants, and at *all times amenable to them,’ it follows as a necessary consequence that the people have a right to be informed of the conduct and character of their public agents. In the case of an indictment or information for a libel against public officers, or candidates for public office, truth is a justification, and may be given in evidence as such under the general issue, and this forms an exception to the general rule established by the common law, but even in such case any libellous matter which does not tend to shew that the person libelled is unfit for the office cannot be justified because it is true. In case of individuals, who are neither officers, nor candidates for office, truth is no justification of a libel, [on an indictment, or information,] but in all such cases it may be given in evidence in mitigation of the fine. In the case now before the court, the truth may be given in evidence in justification, it being lawful for a petitioner to state to the legislature the facts set forth in the petition charged in this case as a libel. In no case is it necessary, or proper, that the defendant, against whom there is an indictment, or information for a libel, should plead the truth.”
Note. Although in a criminal prosecution for a libel, the truth forms no justification in England, in any case whatever, yet in mitigation of the fine, it may be shewn to the court, after the verdict rendered. See 181 4th Bacon by *Gwyllim, p. 456. In Virginia the truth may be given in evidence before the jury in mitigation of the fine, because here it is rendered, by act of assembly, the duty of the jury to assess the fine.
It has been often decided that false and scandalous matter contained in a petition to parliament, and the delivery of such petition to the members, or in articles exhibited to the justices of peace, or in an affidavit before a court of justice, is not libellous. See 4th Coke 14 b.; also Lake v. King, 1st Williams’ Saunders, p. 131; Astley v. Young, 2 Burrow, p. 810, and 4th Bacon, p. 454.